Filed 10/3/13  Escamilla v. Escamilla CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CARLOS ESCAMILLA, SR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CARLOS ESCAMILLA, JR., <br><br> Defendant and Respondent. | B243794 <br><br> (Los Angeles County <br> Super. Ct. No. MC023432) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert A. McSorley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Carlos Escamilla, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff, Carlos Escamilla, Sr., appeals from a July 31, 2012 order sustaining a demurrer by defendant, Carlos Escamilla, Jr. The order dismissed the complaint without leave to amend. The trial court found plaintiff released all claims in this action in a prior lawsuit. Plaintiff contends he never agreed to the settlement and the terms are unconscionable. We affirm the order.

# II. BACKGROUND

## A. Plaintiff's Allegations In First Lawsuit

This case involves a settlement of a prior lawsuit. We begin by setting forth the allegations of the first action. Plaintiff is defendant's father. Plaintiff owned his home. Plaintiff agreed to give defendant the residence ("the property"). In exchange, plaintiff was permitted to live in the house for the rest of his life. Defendant agreed to pay all bills, and if his girlfriend moved into the house, to pay rent. Plaintiff lived with defendant in Canyon Country, California. Plaintiff was recovering from a stroke suffered a year prior to the gift. Plaintiff lived in the house for four years.

In 2008, defendant's girlfriend moved into the residence. Plaintiff demanded rent payment from defendant. Defendant refused to pay the rent. On August 29, 2008, defendant called the police. Defendant falsely accused plaintiff of committing domestic violence. On September 2, 2008, plaintiff returned home to find the locks on the property had been changed. Plaintiff temporarily lived with his sister in hope tensions would subside. Four to six months later, plaintiff demanded to be allowed to return to the property. Defendant refused. Plaintiff returned several times to the property. Defendant's girlfriend obtained a temporary restraining order against plaintiff. Eventually, defendant secured a restraining order against plaintiff.

## B. First Lawsuit And Settlement

On September 22, 2010, plaintiff filed a lawsuit in the Northern District of Los Angeles County Superior Court. Plaintiff complained of contract breach, fraud, duress, unjust enrichment and conversion. Defendant filed his answer on November 23, 2010.

On October 24, 2011, a settlement conference was held. Plaintiff agreed to dismiss his complaint in exchange for defendant waiving costs and attorney fees. Plaintiff was to receive $2,000 for attorney fees. The fees were payable to plaintiff's attorney's office on or before January 15, 2012. Plaintiff also agreed to release all claims. The trial court retained jurisdiction until all the terms of the settlement were met. During the record proceedings, plaintiff spoke in English. On October 26, 2011, plaintiff filed a dismissal request. The trial court entered the dismissal on January 11, 2012.

## C. Plaintiff's Allegations In The Second Lawsuit

On May 3, 2012, plaintiff filed a second lawsuit against defendant. Plaintiff alleges he suffered a massive stroke in 2003. Plaintiff lived with defendant at the property. Plaintiff gifted the residence to defendant in December 2004. In consideration, plaintiff would always have a place to live.

Defendant subsequently married. As a result of plaintiff's stroke, his speaking was affected and could not think for extended periods of time. Plaintiff lived at the property from 2004 through 2008, rent free. Plaintiff eventually recovered from his stroke.

During the summer of 2008, defendant changed the locks on the property. Plaintiff was denied access to the residence. The complaint alleges, "Plaintiff believes that Defendant did these acts because Defendant was beating his then girlfriend and Plaintiff called the police." The property was in defendant's name. In April 2009, defendant obtained a restraining order against plaintiff. This denied plaintiff the right to return to the property and enjoy the benefits of his life estate in the residence. Defendant

3

also reneged on a promise to return plaintiff's personal property. Plaintiff alleges causes of action for contract breach, conversion and intentional severe emotional distress infliction.

## D. Demurrer, Opposition And Reply

On June 21, 2012, defendant demurred. Defendant argued plaintiff's second lawsuit was barred by the affirmative defenses of res judicata and prior release of claims in open court. Defendant asserted the allegations raised in this second lawsuit concerned the same matters at issue in the first lawsuit. Defendant requested judicial notice of: plaintiff's complaint in the first lawsuit; a reporter's transcript of the settlement hearing at which plaintiff was represented by counsel; and plaintiff's request for dismissal of the first action with prejudice.

On July 17, 2012, plaintiff filed his opposition. Plaintiff contended the judicially noticed items were not indisputably true. Plaintiff asserted he: exclusively spoke Spanish; had limited English-speaking skills; and never agreed to settle the first lawsuit. Plaintiff argued no interpreter was present at the hearings. Plaintiff contended none of the terms of the alleged settlement were read into the record.

On July 23, 2012, defendant filed his reply. Defendant contended plaintiff had the opportunity to obtain an interpreter prior to the October 24, 2011 hearing but did not request one. Defendant asserted the terms of the settlement were stated into the record and agreed upon by plaintiff. Defendant argued plaintiff was competent in the use of the English language. Defendant cited to plaintiff's pleadings.

## E. Hearing And Order

On July 31, 2012, the parties appeared for the demurrer hearing. Plaintiff appeared in propria persona and spoke in English. The trial court ruled: the issues in this lawsuit and the prior action were the same; all of plaintiff's claims in this case were

4

resolved in the prior settlement; and there was Civil Code section 1542 waiver of unknown claims. Defendant gave notice on July 31, 2012. Plaintiff subsequently appealed.

## III. DISCUSSION

In reviewing a demurrer dismissal, we accept as true the complaint's well-pleaded allegations. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320.) We also consider matters which may be judicially noticed. (*Evans v. City of Berkeley*, *supra*, 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) We review the trial court's ruling independently. (*McCall v. PacificCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1358.)

To begin with, the prior dismissal with prejudice and release bar the present action. (*Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1169 [dismissal with prejudice]; *San Diego Hospice v. County of San Diego* (1995) 31 Cal.App.4th 1048, 1053 [release].) Also, defendant secured judicial notice of the reporter's transcript of the October 24, 2011 settlement proceedings in the prior lawsuit. During the October 24, 2011 hearing, the settlement terms were stated in the record: defendant waived costs and attorney fees; plaintiff received $2,000 in attorney fees and released all claims in the complaint in the underlying action, including known or unknown claims in his favor. The trial court asked plaintiff if he agreed these were the terms of the settlement. Plaintiff responded, "Yes, your Honor." Thus, the settlement is enforceable in the present lawsuit as would any contractual arrangement. (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1020; *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 954-955.)

Plaintiff argues he does not understand English very well. This argument has no merit. Plaintiff was represented by counsel. Plaintiff's pro se pleadings evidence a clear

5

understanding of English and he appeared in propria persona at the demurrer hearing at issue in this appeal. Plaintiff presented no difficulties with understanding the hearing conducted in English.

Plaintiff also contends the terms of the October 24, 2011 agreement are unconscionable. The Court of Appeal has explained: "Settlement agreements are governed by contract principles. [Citations.] A contract or contract term is unenforceable if it is 'unconscionable.' [Citation.] . . . The court determines unconscionability with reference to the time the contract is entered into, rather than in light of subsequent events. [Citation.]" (*Lanigan v. City of Los Angeles* (2011) 199 Cal.App.4th 1020, 1035; *Murphy v. Check'N Go of Cal., Inc.* (2007) 156 Cal.App.4th 138, 145.) Unconscionability has both procedural and substantive elements. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114; *Lanigan v. City of Los Angeles*, *supra*, 199 Cal.App.4th at p. 1035.)

We find no procedural or substantive unconscionability. Plaintiff, who was represented by counsel, was present at the settlement proceeding and affirmed its terms. There are no facts alleged indicating plaintiff was oppressed or surprised by unequal bargaining power. The results are also not overly harsh or one-sided. Plaintiff received $2,000 for attorney fees and released all his claims pertaining to the prior lawsuit. Defendant waived all costs and attorney fees. The demurrer was properly sustained. And the trial court did not abuse its discretion by sustaining the demurrer without leave to amend.

6

## IV.  DISPOSITION

The dismissal order is affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

7